IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A.<br>145 Bank Street<br>Waterbury, CT 06720<br><br>      Plaintiff,<br><br>v.<br><br>JON SIPES<br>915 Potomac Avenue, S.E.<br>Washington, D.C. 20003<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: _____ |

## COMPLAINT

Webster Bank, N.A. ("Webster Bank"), by counsel, hereby complains as follows:

1. Webster Bank is a national banking association with its principal place of business in Waterbury, Connecticut.

2. Jon Sipes ("Mr. Sipes") is a resident of the District of Columbia.

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1391.

## FACTS

4. Webster Bank is a financial institution headquartered in the state of Connecticut engaged in, among other services, the business of providing real estate loans.

5. On or about December 9, 2005, Mr. Sipes received a mortgage loan from Webster Bank in the amount of Three Hundred Fifty-Four Thousand Eight Hundred and Sixty-One Dollars and No Cents ($354,861.00), secured by property located at 309 K Street SE, Washington, D.C. 20003.

6. Mr. Sipes executed a Construction Loan Note (the "Note") and a deed of trust (hereinafter referred to as "Mortgage Deed") in association with the receipt of the mortgage loan. Attached as Exhibit A is a true and accurate copy of the Construction Loan.

7. The terms of the transaction required Mr. Sipes to pay the loan in full, with interest, on or before January 1, 2007.

## COUNT I
## BREACH OF CONTRACT

8. Webster Bank repeats and incorporates by reference the allegations in paragraphs 1 through 7 of the Complaint.

9. Pursuant to the terms of the Note, Mr. Sipes agreed to pay Webster Bank, the full amount of the loan ($354,861.00), plus interest, on or before January 1, 2007, the Maturity Date. The Maturity Date was extended at the borrowers request to March 1, 2007.

10. Pursuant to the terms of the Note, interest on the loan amount will accrue from December 9, 2005 until paid, at the prime rate plus 1.5 percent.

11. The Note also provides for a late charge in the amount of 5% of any overdue payment of interest and principal.

12. The Note further provides that in the event of a failure to pay, Webster Bank shall be entitled to "all of its costs and expenses in enforcing this Note," including reasonable attorneys' fees.

13. The Note matured on March 1, 2007 and has not been paid.

14. The failure to pay the Note when due is a breach of the terms of the Note.

15. By letter dated October 30, 2007, demand was made upon Mr. Sipes to pay the full amount due and owing to Webster Bank. Attached as Exhibit B is a copy of the demand letter.

16. Despite demand, Mr. Sipes did not make any payment to Webster Bank.

17. Webster Bank has suffered damages as a result of Mr. Sipes' failure to pay the full amount due and owing under the terms of the Note as agreed.

18. The following is due and owing to Webster Bank under the terms of the Note:

| | |
|---|---|
| Principal: | $354,861.00 |
| Interest: | $25,457.23 |
| Late fees and bank charges: | $653.83 |
| Fees (to date): | $2,500.00 |
| Total | $383,472.06 |

19. In addition, interest continues to accrue at the rate of $89.93 per diem.

WHEREFORE, Webster Bank, N.A. requests that the Court enter judgment in its favor against Jon Sipes in the amount of **$383,472.06,** plus interest from the date of filing until judgment at the daily rate of **$89.93**, plus fees, including reasonable attorneys' fees, plus costs, expenses and such other relief the court deems appropriate.

Respectfully submitted,

_Amy S. Owen /bas_
Amy Sanborn Owen (Bar No. 411601)
aowen@cochranowen.com
Ben Selan (Bar No. 495232)
bselan@cochranowen.com
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
(703) 847-4480
(703) 847-4499 (facsimile)

Counsel for Webster Bank, N.A.

## WEBSTER BANK EZ TWO™ - CONSTRUCTION LOAN NOTE

### (SHORT TERM DAILY VARIABLE RATE - BALLOON PAYMENT)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| December 9, 2005 | Rockville | MD |
|---|---|---|
| Date | City | State |

**309 K Street SE, Washington, DC 20003**
(Property Address)

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 354,861.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Webster Bank, National Association. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder". The loan will be disbursed through future advancements to pay for construction to be undertaken on the premises located at the Property Address, and shall include the terms and provision of the attached Construction Rider to Note and Security Instrument.

**2. INTEREST**

(A) Interest will be charged on unpaid principal until the full amount of principal has been paid. The interest rate during the term of the loan will be variable and will be computed on a daily basis and calculated on the basis of a 365 day year, for the actual number of days elapsed from the date of each advance to and until maturity at an annual rate equal to the sum of the "Prime Rate" (as hereinafter defined) plus 1.500 percent.

(B) As used herein, the "Prime Rate" shall be the highest prime rate as published in the Money Rates Table of the Wall Street Journal. The annual interest rate under this note will be computed each time there is a change in the Prime Rate so that the annual interest rate under this note will equal the Prime Rate plus 1.500 percent. If more than one prime rate is published in the said Money Rates Table, the Lender will use the highest of these rates. If the Wall Street Journal ceases publication or ceases to publish a Money Rates Table or if a prime rate is no longer included among the rates published therein, the Lender will substitute a comparable index. The selection of a comparable index shall be made in Lender's sole discretion. The "Prime Rate" is not necessarily the lowest loan rate offered by the Lender. The rate of interest hereunder shall be reviewed daily, and will change simultaneously with changes in the Prime Rate.

(C) The interest rate required by this Section 2 is the rate I will pay, and changes shall be made as provided therein, both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay "interest only" before maturity by making payments every month, in accordance with billing from the Lender or Note Holder.

I will make my monthly payments on the 1st day of each month beginning on February 1, 2006. I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on January 1, 2007, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at Webster Plaza, 145 Bank Street, Waterbury, CT 06702, or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount that is computed under the terms of this Note, until the Maturity Date when the entire outstanding balance of principal, and all accrued interest will be due and payable in full.

EZ TWO™ - Multistate - Short Term Daily Variable Rate - Balloon Payment - Construction Loan Note
Page 1    4703752938    YAKpb


EXHIBIT A

#### 4. PREPAYMENTS

Unless otherwise limited by written agreement, I will have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge, unless I have agreed to pay such a charge or penalty in any other agreement, in which case such charge or penalty shall be due. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

#### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

#### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000   % of my overdue payment of interest and principal then due. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

#### 7. GIVING OF NOTICES.

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

#### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

#### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

EZ TWO℠ - Multistate - Short Term Daily Variable Rate - Balloon Payment - Construction Loan Note
Page 2                                        4703752938                                        YAKpb

**10. SECURED NOTE**

This Note is a secured instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property, or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
JON SIPES   -(Borrower)

_____(Seal)
-(Borrower)

_____(Seal)
-(Borrower)

_____(Seal)
-(Borrower)

*(Sign Original Only)*

# CONSTRUCTION RIDER TO NOTE AND SECURITY INSTRUMENT

THIS RIDER is an agreement to modify the terms of my loan to provide for a period of time during which future advances will be made to pay for the construction of improvements upon the Property.

LENDER - As used herein the term Lender shall mean

**WEBSTER BANK, NATIONAL ASSOCIATION**

or any assignee, transferee or successor in interest thereto.

This Rider changes the terms of the promissory Note and Security Instrument (Mortgage, Deed of Trust or Security Deed) which I have signed which are dated    December 9, 2005    in regard to the property located at

**309 K Street SE, Washington, DC 20003**

("Property"). I agree that the covenants, terms and provisions set forth in this Rider will amend, supercede and replace any inconsistent terms, covenants or provisions in the promissory Note and Security Instrument, where the two are different.

CONSTRUCTION LOAN. THE ADDITION OF THIS RIDER TO THE NOTE AND DEED OF TRUST IS INTENDED AND AGREED TO MAKE IT A CONSTRUCTION LOAN UNDER THE LAWS OF THE DISTRICT OF COLUMBIA TO SECURE FUTURE ADVANCES FOR THE CONSTRUCTION OF A RESIDENCE.

FUTURE ADVANCES - THE FUTURE ADVANCES OF LOAN PROCEEDS SHALL BE DEEMED "OBLIGATORY" UPON LENDER PROVIDED THAT THE BORROWER SHALL FULLY PERFORM ALL OF BORROWERS OBLIGATIONS UNDER THE NOTE, DEED OF TRUST, CONSTRUCTION LOAN AGREEMENT AND LOAN DOCUMENTS; AND ALL SUMS ADVANCED HEREUNDER SHALL HAVE THE SAME PRIORITY AS THE ORIGINAL INDEBTEDNESS.

NON-COMMENCEMENT - BY SIGNING THIS RIDER, THE BORROWER WARRANTS AND ASSURES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND HAS COMMENCED ON THE PROPERTY DESCRIBED HEREIN, AND FURTHER EXPRESSLY WARRANTS AND AGREES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND SHALL COMMENCE UNTIL AFTER THE BORROWER IS NOTIFIED BY THE SETTLEMENT AGENT OF THE RECORDING OF THE DEED OF TRUST AS A FIRST LIEN ON THE PROPERTY. COMMENCEMENT OF WORK BEFORE SUCH RECORDING CAN SUBJECT THE PROPERTY TO MECHANICS LIENS AND CAN BE A DEFAULT UNDER THE LOAN DOCUMENTS, UNLESS THE CONTINUING FIRST LIEN STATUS OF THE SECURITY INSTRUMENT IS GUARANTEED BY TITLE INSURANCE COVERAGE.

**1. PROJECT COMPLETION DATE**

The loan is to be disbursed in installments to finance construction, which I promise to complete on or before **January 1, 2007**, referred to as the **"PROJECT COMPLETION DATE"**, in strict compliance with the project Plans and Specifications which have been provided to Lender.

If, the Lender determines that the construction of the project or completion of all of Borrower's obligations regarding the documentation thereof will not be completed by    **January 1, 2007**   , it shall be a sufficient basis for a default, and Lender shall have the right to stop making disbursements of money even before    **January 1, 2007**   . In such circumstances, in addition to all of Lender's other rights and remedies, Lender shall have the right to accelerate the loan and make all sums outstanding due and payable at once, together with interest, fees, costs of collection and all other charges, including reasonable attorneys' fees. It is expressly agreed that "TIME IS OF THE ESSENCE" with respect to the full completion of construction and of all obligations regarding the documentation thereof.

EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved    Page 1          4703752938          YCZpb

**2. WORK IN PLACE**

The Lender has agreed to make the loan herein described to be paid in installments as the work is completed and to disburse funds only FOR WORK IN PLACE, based upon inspection.

The Lender is obligated to advance the full amount of the loan $ 354,861.00 provided that I have fully performed and met all of the conditions and requirements which I have promised to undertake in the Construction Loan Agreement, Promissory Note, Security Agreement, Commitment Letter and Loan Documents; and provided that the loan is not in default.

**3. INSPECTION FOR STATUS OF COMPLETION ONLY**

The Lender shall inspect the project in order to ascertain the status of completion and the progress of the construction of improvements. The sole purpose for Lender's inspection is to determine the approximate amount and value of the work which has been done, so that Lender may disburse funds for such work in place. Such inspections shall not require a review by Lender of the quality of the construction. As Borrower, I will not rely on the Lender's inspection for any purpose whatsoever. Rather, I will be solely responsible for the progress and quality of construction, and the discovery of all delays, defects, faults, imperfections and deviations from the Plans and Specifications shall be my sole responsibility as Borrower.

**4. DELAYS IN THE COMPLETION OF CONSTRUCTION OR PERFORMANCE**

If the construction of all planned improvements or repairs, and the performance of all of my obligations regarding the documentation thereof is not completed by **January 1, 2007**, then in addition to all of its other rights under the loan documents, the Lender, at its option, has the right to do any or all of the following:

**A. DEFAULT-** declare a default and exercise all of its rights reserved in the loan documents to act in case of default; or

**B. CONSTRUCTION PERIOD EXTENSION** - agree that Lender will extend the time for construction through modification of the loan documents, (Construction Period Extension) provided that Borrower co-operates fully in the execution thereof and pays the costs, fees and expenses associated with such extension, including Project Delay Surcharges, extension fees, document preparation fees, courier fees, recording fees, title insurance costs, and all other costs incurred or required to complete the extension; or

**C. NO OBLIGATION TO EXTEND** - Lender shall have no obligation to permit more time for construction or the full performance of Borrower's obligations. The time selected by Borrower for the completion of the project is Borrower's responsibility, and failure to fully complete all construction and meet all required conditions within the time chosen by Borrower can be a default. Any extension of time for performance that is agreed to by Lender shall be at Lender's sole discretion.

**5. NOTICE TO LENDER OF CLAIMS AND LIENS.**

Any person wishing to claim the benefit of any Mechanics Lien is advised by the recording hereof that the address of the Lender for receipt of any **Contractor or Subcontractor's Notice of Intention To Claim a Lien, Notice of Lien, Notice to Owner or Demand for Information** or other mechanic's lien claim under the law of the District of Columbia or federal law, or for any other notice, claim or lien is shown below. Any such notice should be delivered to such address by certified mail return receipt requested.

**Attn: Robert M. Imperato, Vice President**
**Webster Bank, N.A.**
**National Construction Lending Center**
**609 West Johnson Avenue**
**Cheshire, CT 06410**

EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved     Page 2          4703752938           YCZpb

As Borrower, I promise to notify the Lender, immediately upon my receipt of any such Contractor or Subcontractor's Notice of Intention To Claim a Lien, Notice of Lien, Notice to Owner or Demand for Information or any other notice, claim or lien relating in any way to the Property and to provide copies to Lender of all documents, demands or claims received by me regarding the same.

6. EXTINGUISHMENT AND SURVIVAL.
Unless otherwise extended in writing, on      January 1, 2007      , the provisions of this Rider, except this paragraph, shall self-extinguish and be of no further force and effect, provided however, that any causes of action, claims or rights of the Lender which accrue before said date shall continue unaffected and undiminished by such extinguishment.

BY SIGNING BELOW, on this day Borrower accepts and agrees to the terms and covenants contained in this Rider.

Date: 12-9-05               Borrower: JO__SIPE_

Borrower:                   Borrower:

Borrower:                   Borrower:

The undersigned witnessed the signature of the Borrower(s) at the time this Rider was signed.

Settlement Agent            Date 12/9/05

EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved      Page 3      4703752938      YC2pb



Admitted in VA and DC

bsclan@cochranowen.com
direct dial: 703-847-4494

October 30, 2007

## BY FIRST CLASS MAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED

Jon Sipes
915 Potomac Ave., SE
Washington, DC 20003

      Re:    Mortgage Loan No.:    4703752938
              Property Address:    309 K Street, SE,
                                    Washington, DC 20003

Dear Mr. Sipes:

      We have been retained to represent Webster Bank, N.A regarding the above-referenced mortgage transaction (hereinafter "Webster Bank"). On or about December 9, 2005, you executed a Construction Loan Note (hereinafter "the Note") and Construction Rider (the "Rider") in order to obtain funds for construction at 309 K Street, SE, Washington, DC 20003 (the "Property"). Pursuant to the Note, Webster Bank provided sums totaling Three Hundred Fifty-Four Thousand Eight Hundred Sixty-One Dollars and Zero Cents ($354,861.00). The Note is secured by a Deed of Trust on the Property. A copy of the Note, Rider and Deed of Trust are attached.

      The Note provided for regular, periodic, interest only payments with the full amount due on or before January 1, 2007. However, Webster Bank agreed to extend the maturity date until March 1, 2007. (the "Maturity Date"). The Note has now matured and the entire amount of the Note was due as of March 1, 2007. The principal balance due on the Note is Three Hundred Fifty-Four Thousand Eight Hundred Sixty-One Dollars and Zero Cents ($354,861.00). Interest in the amount of Eleven Thousand Sixty-Eights Dollars and Forty-Three Cents ($11,068.43) is currently due and owing. After November 30, 2007, interest on the Loan will continue to accrue at a daily rate of Eighty-Nine Dollars and Ninety-Three Cents ($89.93). Additional late charges and miscellaneous fees are due in the amount of Six Hundred Seventy-Eight Dollars and Thirty Cents ($678.30). By failing to make payments and pay the full amount of the loan by the Maturity Date, you are in default.

      Webster Bank hereby demands that the Note be paid in full by December 2, 2007, including interest and all outstanding fees, in the amount of Three Hundred Sixty-Six Thousand Five Hundred and Eighty-Three Dollars and Twenty-Six Cents ($366,583.26) with an additional

Dedicated to efficient and effective legal solutions

COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182-2700
p:(703) 847-4480 • f:(703) 847-4499 • www.cochranowen.com

EXHIBIT
B

Jon Sipes
October 30, 2007
Page 2 of 2

Eighty-Nine Dollars and Ninety-Three Cents ($89.93) accruing daily after November 30, 2007. If payment has not been received by December 2, 2007, Webster Bank intends to invoke its legal and equitable rights as set forth in the Note, including but not limited to, the sale of the Property identified in the Note. Additionally, the Bank shall be entitled to collect its costs and expenses incurred in pursuing its available remedies, including, but not limited to, reasonable attorneys' fees.

You have the right to reinstate the Note and you further have the right to bring a court action to assert the nonexistence of a default or any other defense you may have.

All communications should be addressed to the undersigned in order to receive the proper attention.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please see the enclosed notice concerning your rights under federal law.

Very truly yours,

Ben Selan, Esq.

Enclosure: FDCPA Notice

cc:   Alena Gfeller
      Ellen Levine

NOTICE

This communication is from a debt collector. Federal law may require that we provide you with the following information:

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If this is the initial communication you have received from us concerning this debt, the following may apply:

This letter with which this notice is enclosed contains written notice to you of the amount of the debt and the name of the creditor to whom the debt is owed.

If you do not dispute the validity of this debt or any portion thereof within 30 days after your receipt of this notice, we will assume that the debt is valid.

If you notify us in writing within the 30-day period that the debt or any portion thereof is disputed, we will provide you with verification of the debt or a copy of the judgment against you.

Upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
WEBSTER BANK, NA

## DEFENDANTS
JON SIPES

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   NEW HAVEN, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Amy S. Owen,
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182        (703) 847-4480

Case: 1:08-cv-00815
Assigned To : Robertson, James
Assign. Date : 5/12/2008
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊗ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☒ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332 and 28 U.S.C. 1391 - Breach of Contract

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 383,472.06   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  May 9, 2008 /12   SIGNATURE OF ATTORNEY OF RECORD  [signature] / 503

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
MAY 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT