IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:08cv00815-JR |
| ) | |
| JON SIPES ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## WEBSTER BANK, N.A.'S PARTIAL MOTION TO DISMISS

Webster Bank, N.A. (hereinafter, "Webster Bank"), by counsel, pursuant to FRCP Rule 12(b)(6), respectfully requests this Court to dismiss Count 2 and Count 3 of Jon Sipes' Counterclaim for failure to state a claim against Webster Bank upon which relief can be granted.

The claims of Mr. Sipes set forth under the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §1601, et seq.) are barred as construction loans do not fall within the ambit of RESPA. Furthermore, Mr. Sipes claims arising under 15 U.S.C. 1601, *et seq.*, are time-barred.

The reasons for this motion are set forth in greater particularity in the accompanying Memorandum of Points and Authorities in Support of Webster Bank's Motion to Dismiss.

Respectfully submitted,

_____/s/_____
Amy S. Owen, Esq. (DC Bar No. 411601)
aowen@cochranowen.com
Ben Selan, Esq. (DC Bar No. 495232)
bselan@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Counsel for Webster Bank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Webster Bank's Partial Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, on this the 14th day of July, 2008. Service was perfected on the following individuals by first class mail, postage prepaid:

>Jon Sipes
>915 Potomac Avenue S.E.
>Washington, D.C. 20003

>_____/s/_____
>Amy S. Owen, Esq. (DC Bar No. 411601)
>aowen@cochranowen.com
>Ben Selan, Esq. (DC Bar No. 495232)
>bselan@cochranowen.com
>Cochran & Owen, LLC
>8000 Towers Crescent Drive
>Suite 160
>Vienna, VA 22182
>Ph:   (703) 847-4480
>Fax:  (703) 847-4499

>Counsel for Webster Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JON SIPES )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 1:08cv00815-JR |

**WEBSTER BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPPORT OF ITS PARTIAL MOTION TO DISMISS**

Jon Sipes' counterclaims are an attempt to avoid his legal and contractual obligations arising out of his construction loan. The Court should dismiss Count 2 and Count 3 of the Counterclaim asserted against Webster Bank, N.A. (hereinafter, "Webster Bank"), because Mr. Sipes has failed to state a claim against Webster Bank upon which relief may be granted under RESPA (Count 2) and the claims allegedly arising under 15 U.S.C. 1601, *et seq.* ("Count 3") are time barred.

I.  **Facts**

On or about December 9, 2005, Mr. Sipes received a mortgage loan from Webster Bank in the amount of Three Hundred Fifty-Four Thousand Eight Hundred Sixty-One Dollars and No Cents ($354,861.00). Complaint, ¶ 5, admitted pursuant to Answer and Counterclaims ¶ 1. In conjunction with the receipt of the mortgage loan, Mr. Sipes executed a Construction Loan Note and deed of trust. Complaint ¶ 6, admitted pursuant to Answer and Counterclaims ¶ 3. The terms of the transaction required Mr. Sipes to pay the loan in full, with interest, on or before January 1, 2007. Complaint ¶7, admitted pursuant to Answer and Counterclaims ¶3. Webster Bank, at Mr. Sipes' request, extended the maturity date of the loan from January 1, 2007 to March 1, 2007. Complaint ¶9, admitted pursuant to Answer and Counterclaims ¶4. Mr. Sipes, as of the filing of the Complaint, had not paid

off the loan as a principal balance of $354,861.00 remained outstanding. Complaint ¶18, admitted pursuant to Answer and Counterclaims ¶13.

## II. Mr. Sipes has Failed to State a Cause of Action Under RESPA

Mr. Sipes counterclaim for damages pursuant to 12 U.S.C. 2605, *et seq.*, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering Webster Bank's Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Court must construe the allegations and facts in the complaint in the light most favorable to the nonmoving party and must grant the nonmoving party the benefit of all inferences that can be derived from the facts alleged. Barr v. Clinton, 361 U.S. App. D.C. 472, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276.

Mr. Sipes' construction loan does not fall within the ambit of the Real Estate Settlement Procedures Act. Mr. Sipes' characterization of the loan made to him by Webster Bank as a "federally related mortgage" (Answer and Counterclaim ¶ 47) is legally incorrect. 12 U.S.C. §2602, titled "Definitions," provides that: "For purposes of this ACT [RESPA]—(1) the term "federally related mortgage loan" includes any loan (**other than temporary financing such as a construction loan**)..." (emphasis added). Further, 12 U.S.C. §3500.5, entitled "Coverage of RESPA," states:

> (a) *Applicability*. RESPA and this party apply to all federally related mortgage loans, except for the exemptions provided in paragraph (b) of this section.

(b) *Exemptions.*

...

(3) *Temporary Financing.* Temporary financing, such as a construction loan... Any construction loan for new or rehabilitated 1 – to 4-family residential property... is subject to this part if its term is for two years or more.

Mr. Sipes obtained a construction loan from Webster Bank on or about December 9, 2005, as evidenced by his execution of the Construction Loan Note. (attached as Exhibit A). Per the terms of the note, the maturity date of the loan was January 1, 2007, which was subsequently extended to March 1, 2007. The period of the loan was less than two years. As such, the Construction Loan Note at issue in Mr. Sipes' counterclaim is exempt from the provisions of 12 U.S.C. §2601, *et seq.*, and Count 2 of the Counterclaim, "Counterclaim for Damages Pursuant to 12 U.S.C. §2605, et seq. Real Estate Settlement Procedures," should be dismissed.

### III. Mr. Sipes' Counterclaim Based on 15 U.S.C. §1601, *et seq.* is Barred by the Applicable Statute of Limitations.

Count 3 against Webster Bank must be dismissed because Mr. Sipes' failed to raise his claims prior to the expiration of the one-year applicable statute of limitations. Mr. Sipes contends that Webster Bank violated provisions of 15 U.S.C. 1601, *et. seq.*[1] and 12 CFR 226 (regulations Z and X) as the disclosures provided during the consummation of the loan, "were not grouped together and were not segregated from everything else as required..." (Answer and Counterclaim, ¶53), that "Webster failed to accurate (sic) disclose the finance charge and interest charge...," (Answer and Counterclaim, ¶54) and that "Webster failed to compute in or with the disclosure statement the annual percentage rate (or rates) of its finance charge..." (Answer and Counterclaim, ¶56).

15 U.S.C. §1640(e) provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the

---

[1] Although Mr. Sipes refers to the Equal Credit Opportunity Act in the title of Count 3, he alleges no discriminatory actions on the part of Webster Bank. The allegations in Count 3 state a claim under the Truth in Lending Act.

3

date of the occurrence of the violation." Courts have recognized that the prescribed period begins to run from "the date of the occurrence of the violation." <u>Lawson v. Nationwide Mortgage Corp., et al.</u>, 628 F. Supp. 804, 807 (D.D.C. 1986). Further, "... violation of TILA occurs no later that the date of settlement of any loan for which required disclosures have not been made." <u>Lawson</u>, 628 F. Supp. 804, 8-7 (D.D.C. 1986), referring to <u>Postow v. OBA Federal Savings and Loan Association</u>, 627 F.2d 1370, 1380 (D.C. Cir. 1980).

Mr. Sipes executed the Construction Loan Note and additional loan documents on or about December 9, 2005. (See Exhibit A). Any alleged violation must have occurred on the date of the execution of the documents. This claim has been raised two and a half years after the closing. Because both case law and the statutory language dictate that the right to bring an action based upon a 15 U.S.C. §1601, *et seq.*, violation expires one year after the date of the violation, Mr. Sipes' claim is barred and the corresponding count should be dismissed.

### IV.   Conclusion

For the reasons delineated above, Count 2 and Count 3 of the Answer and Counterclaim should be dismissed.

Respectfully submitted,

/s/
Amy S. Owen, Esq. (DC Bar No. 411601)
aowen@cochranowen.com
Ben Selan, Esq. (DC Bar No. 495232)
bselan@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

*Counsel for Webster Bank, N.A.*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Webster Bank, N.A.'s Memorandum of Points and Authorities in Support of its Partial Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, on this the 14th day of July, 2008. Service was perfected on the following individuals by first class mail, postage prepaid:

Jon Sipes
915 Potomac Avenue S.E.
Washington, D.C. 20003


                                        /s/
                                        Amy S. Owen (Bar #27692)
                                        Aowen@cochranowen.com
                                        Ben Selan (Bar #65923)
                                        Bselan@cochranowen.com
                                        Cochran & Owen, LLC
                                        8000 Towers Crescent Drive
                                        Suite 160
                                        Vienna, VA 22182
                                        Ph:    (703) 847-4480
                                        Fax:   (703) 847-4499

                                        Counsel for Webster Bank, N.A.

## WEBSTER BANK EZ TWO™ - CONSTRUCTION LOAN NOTE

### (SHORT TERM DAILY VARIABLE RATE - BALLOON PAYMENT)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| December 9, 2005 | Rockville | MD |
|---|---|---|
| Date | City | State |

**309 K Street SE, Washington, DC 20003**
(Property Address)

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 354,861.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Webster Bank, National Association. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder". The loan will be disbursed through future advancements to pay for construction to be undertaken on the premises located at the Property Address, and shall include the terms and provision of the attached Construction Rider to Note and Security Instrument.

**2. INTEREST**

(A) Interest will be charged on unpaid principal until the full amount of principal has been paid. The interest rate during the term of the loan will be variable and will be computed on a daily basis and calculated on the basis of a 365 day year, for the actual number of days elapsed from the date of each advance to and until maturity at an annual rate equal to the sum of the "Prime Rate" (as hereinafter defined) plus   1.500   percent.

(B) As used herein, the "Prime Rate" shall be the highest prime rate as published in the Money Rates Table of the Wall Street Journal. The annual interest rate under this note will be computed each time there is a change in the Prime Rate so that the annual interest rate under this note will equal the Prime Rate plus   1.500   percent. If more than one prime rate is published in the said Money Rates Table, the Lender will use the highest of these rates. If the Wall Street Journal ceases publication or ceases to publish a Money Rates Table or if a prime rate is no longer included among the rates published therein, the Lender will substitute a comparable index. The selection of a comparable index shall be made in Lender's sole discretion. The "Prime Rate" is not necessarily the lowest loan rate offered by the Lender. The rate of interest hereunder shall be reviewed daily, and will change simultaneously with changes in the Prime Rate.

(C) The interest rate required by this Section 2 is the rate I will pay, and changes shall be made as provided therein, both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) **Time and Place of Payments**

I will pay "interest only" before maturity by making payments every month, in accordance with billing from the Lender or Note Holder.

I will make my monthly payments on the   1st   day of each month beginning on   February 1, 2006  . I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   January 1, 2007  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at Webster Plaza, 145 Bank Street, Waterbury, CT 06702, or at a different place if required by the Note Holder.

(B) **Amount of Monthly Payments**

My monthly payment will be in the amount that is computed under the terms of this Note, until the Maturity Date when the entire outstanding balance of principal, and all accrued interest will be due and payable in full.

EZ TWO™ - Multistate - Short Term Daily Variable Rate - Balloon Payment - Construction Loan Note
Page 1                                     4703752938                                     YAKpb



**4. PREPAYMENTS**

Unless otherwise limited by written agreement, I will have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge, unless I have agreed to pay such a charge or penalty in any other agreement, in which case such charge or penalty shall be due. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.000**     % of my overdue payment of interest and principal then due. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES.**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

EZ TWO℠ - Multistate - Short Term Daily Variable Rate - Balloon Payment - Construction Loan Note
Page 2                                    4703752938                                    YAKpb

**10. SECURED NOTE**

This Note is a secured instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property, or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JON SIPES -(Borrower)

_____ (Seal)
-(Borrower)

_____ (Seal)
-(Borrower)

_____ (Seal)
-(Borrower)

*(Sign Original Only)*

## CONSTRUCTION RIDER TO NOTE AND
## SECURITY INSTRUMENT

THIS RIDER is an agreement to modify the terms of my loan to provide for a period of time during which future advances will be made to pay for the construction of improvements upon the Property.

LENDER - As used herein the term Lender shall mean

**WEBSTER BANK, NATIONAL ASSOCIATION**

or any assignee, transferee or successor in interest thereto.

This Rider changes the terms of the promissory Note and Security Instrument (Mortgage, Deed of Trust or Security Deed) which I have signed which are dated   **December 9, 2005**   in regard to the property located at

**309 K Street SE, Washington, DC 20003**

("Property"). I agree that the covenants, terms and provisions set forth in this Rider will amend, supercede and replace any inconsistent terms, covenants or provisions in the promissory Note and Security Instrument, where the two are different.

CONSTRUCTION LOAN. THE ADDITION OF THIS RIDER TO THE NOTE AND DEED OF TRUST IS INTENDED AND AGREED TO MAKE IT A CONSTRUCTION LOAN UNDER THE LAWS OF THE DISTRICT OF COLUMBIA TO SECURE FUTURE ADVANCES FOR THE CONSTRUCTION OF A RESIDENCE.

FUTURE ADVANCES - THE FUTURE ADVANCES OF LOAN PROCEEDS SHALL BE DEEMED "OBLIGATORY" UPON LENDER PROVIDED THAT THE BORROWER SHALL FULLY PERFORM ALL OF BORROWERS OBLIGATIONS UNDER THE NOTE, DEED OF TRUST, CONSTRUCTION LOAN AGREEMENT AND LOAN DOCUMENTS; AND ALL SUMS ADVANCED HEREUNDER SHALL HAVE THE SAME PRIORITY AS THE ORIGINAL INDEBTEDNESS.

NON-COMMENCEMENT - BY SIGNING THIS RIDER, THE BORROWER WARRANTS AND ASSURES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND HAS COMMENCED ON THE PROPERTY DESCRIBED HEREIN, AND FURTHER EXPRESSLY WARRANTS AND AGREES THAT NO CONSTRUCTION ACTIVITY OF ANY KIND SHALL COMMENCE UNTIL AFTER THE BORROWER IS NOTIFIED BY THE SETTLEMENT AGENT OF THE RECORDING OF THE DEED OF TRUST AS A FIRST LIEN ON THE PROPERTY. COMMENCEMENT OF WORK BEFORE SUCH RECORDING CAN SUBJECT THE PROPERTY TO MECHANICS LIENS AND CAN BE A DEFAULT UNDER THE LOAN DOCUMENTS, UNLESS THE CONTINUING FIRST LIEN STATUS OF THE SECURITY INSTRUMENT IS GUARANTEED BY TITLE INSURANCE COVERAGE.

**1. PROJECT COMPLETION DATE**
   The loan is to be disbursed in installments to finance construction, which I promise to complete on or before **January 1, 2007**   , referred to as the **"PROJECT COMPLETION DATE"**, in strict compliance with the project Plans and Specifications which have been provided to Lender.
   If, the Lender determines that the construction of the project or completion of all of Borrower's obligations regarding the documentation thereof will not be completed by   **January 1, 2007**   , it shall be a sufficient basis for a default, and Lender shall have the right to stop making disbursements of money even before   **January 1, 2007**   . In such circumstances, in addition to all of Lender's other rights and remedies, Lender shall have the right to accelerate the loan and make all sums outstanding due and payable at once, together with interest, fees, costs of collection and all other charges, including reasonable attorneys' fees. It is expressly agreed that "TIME IS OF THE ESSENCE" with respect to the full completion of construction and of all obligations regarding the documentation thereof.

EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved     Page 1            4703752938            YCZpb

**2. WORK IN PLACE**

The Lender has agreed to make the loan herein described to be paid in installments as the work is completed and to disburse funds only FOR WORK IN PLACE, based upon inspection.

The Lender is obligated to advance the full amount of the loan $ 354,861.00 provided that I have fully performed and met all of the conditions and requirements which I have promised to undertake in the Construction Loan Agreement, Promissory Note, Security Agreement, Commitment Letter and Loan Documents; and provided that the loan is not in default.

**3. INSPECTION FOR STATUS OF COMPLETION ONLY**

The Lender shall inspect the project in order to ascertain the status of completion and the progress of the construction of improvements. The sole purpose for Lender's inspection is to determine the approximate amount and value of the work which has been done, so that Lender may disburse funds for such work in place. Such inspections shall not require a review by Lender of the quality of the construction. As Borrower, I will not rely on the Lender's inspection for any purpose whatsoever. Rather, I will be solely responsible for the progress and quality of construction, and the discovery of all delays, defects, faults, imperfections and deviations from the Plans and Specifications shall be my sole responsibility as Borrower.

**4. DELAYS IN THE COMPLETION OF CONSTRUCTION OR PERFORMANCE**

If the construction of all planned improvements or repairs, and the performance of all of my obligations regarding the documentation thereof is not completed by **January 1, 2007**, then in addition to all of its other rights under the loan documents, the Lender, at its option, has the right to do any or all of the following:

**A. DEFAULT** - declare a default and exercise all of its rights reserved in the loan documents to act in case of default; or

**B. CONSTRUCTION PERIOD EXTENSION** – agree that Lender will extend the time for construction through modification of the loan documents, (Construction Period Extension) provided that Borrower co-operates fully in the execution thereof and pays the costs, fees and expenses associated with such extension, including Project Delay Surcharges, extension fees, document preparation fees, courier fees, recording fees, title insurance costs, and all other costs incurred or required to complete the extension; or

**C. NO OBLIGATION TO EXTEND** - Lender shall have no obligation to permit more time for construction or the full performance of Borrower's obligations. The time selected by Borrower for the completion of the project is Borrower's responsibility, and failure to fully complete all construction and meet all required conditions within the time chosen by Borrower can be a default. Any extension of time for performance that is agreed to by Lender shall be at Lender's sole discretion.

**5. NOTICE TO LENDER OF CLAIMS AND LIENS.**

Any person wishing to claim the benefit of any Mechanics Lien is advised by the recording hereof that the address of the Lender for receipt of any **Contractor or Subcontractor's Notice of Intention To Claim a Lien, Notice of Lien, Notice to Owner or Demand for Information** or other mechanic's lien claim under the law of the District of Columbia or federal law, or for any other notice, claim or lien is shown below. Any such notice should be delivered to such address by certified mail return receipt requested.

           **Attn: Robert M. Imperato, Vice President**
           **Webster Bank, N.A.**
           **National Construction Lending Center**
           **609 West Johnson Avenue**
           **Cheshire, CT  06410**


EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved   Page 2      4703752938           YCZpb

As Borrower, I promise to notify the Lender, immediately upon my receipt of any such Contractor or Subcontractor's Notice of Intention To Claim a Lien, Notice of Lien, Notice to Owner or Demand for Information or any other notice, claim or lien relating in any way to the Property and to provide copies to Lender of all documents, demands or claims received by me regarding the same.

6. **EXTINGUISHMENT AND SURVIVAL.**
Unless otherwise extended in writing, on      January 1, 2007    , the provisions of this Rider, except this paragraph, shall self-extinguish and be of no further force and effect, provided however, that any causes of action, claims or rights of the Lender which accrue before said date shall continue unaffected and undiminished by such extinguishment.

BY SIGNING BELOW, on this day Borrower accepts and agrees to the terms and covenants contained in this Rider.

Date: 12-9-05

Borrower: JOH SIPES

Borrower:

Borrower:

Borrower:

Borrower:

The undersigned witnessed the signature of the Borrower(s) at the time this Rider was signed.

Settlement Agent

Date: 12/9/05

EZ TWO™ - DISTRICT OF COLUMBIA   Construction Rider To Note And Security Instrument
© Interstate Closing Systems, All Rights Reserved       Page 3          4703752938                YC2pb

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:08cv00815-JR |
| ) | |
| JON SIPES ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROPOSED ORDER**

Upon consideration of Webster Bank, N.A.'s Partial Motion to Dismiss Jon Sipes' Counterclaims, any opposition, and the record hereto, it is hereby

ORDERED that Webster Bank, N.A.'s Partial Motion to Dismiss is granted, and it is hereby

ORDERED that Count 2 and Count 3 of Jon Sipes' Counterclaims are dismissed with prejudice.


Dated: July ___, 2008        _____
                              Judge James Robertson
                              United States District Court


Copies to:

Amy S. Owen
Ben Selan
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182

Jon Sipes
915 Potomac Avenue S.E.
Washington, D.C. 20003