IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WEBSTER BANK, N.A.   )
          )
    Plaintiff,   )
          )
    v.      )   Civil Action No.: 1:08cv00815-JR
          )
JON SIPES      )
          )
    Defendant.  )

## ANSWER OF WEBSTER BANK, N.A. TO JON SIPES' COUNTERCLAIMS

   Webster Bank, N.A. ("Webster Bank"), responds to Jon Sipes' ("Mr. Sipes") Counterclaims as follows:

### FIRST DEFENSE

   The Counterclaims fail to state a cause of action against Webster Bank upon which relief may be granted.

### SECOND DEFENSE

   The Counterclaims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

   The Counterclaims are barred in whole or in part by waiver, laches, estoppel and/or unclean hands.

### FOURTH DEFENSE

   Mr. Sipes has benefited from the extension of credit.

### FIFTH DEFENSE

   Webster Bank reserves the right to assert such other and further defenses as may become

apparent or available during pretrial proceedings.

**SEVENTH DEFENSE**

In response to the numbered paragraphs of the Counterclaim, Webster Bank answer as follows:

COUNTERCLAIMS

21.     The allegations in paragraph 21 of Mr. Sipes' Counterclaim state a legal conclusion which requires no response.  To the extent a response is required, the allegations are denied.

FACTS

22.     Webster Bank admits that it serviced the loan.  The HUD disclosure statement speaks for itself.  To the extent the allegations in paragraph 22 of the Counterclaim are inconsistent with the document, they are denied.  Webster Bank denies the remaining allegations in paragraph 22 of the Counterclaim.

23.     Webster Bank denies that it employed any "bait and switch tactic."  Webster Bank lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph 23 of the Counterclaim.  To the extent a response is required, the allegations are denied.

24.     The Wall Street Journal data speaks for itself.  To the extent that the allegations in paragraph 24 are inconsistent with the data, they are denied.  Webster Bank denies the remaining allegations in paragraph 24 of the Counterclaim.

25.     Webster Bank admits to the rates of interest set forth in paragraph 25 of the Counterclaim. Webster Bank denies the remaining allegations in paragraph 25 of the Counterclaim.

26.     Webster Bank denies the allegations in paragraph 26 of the Counterclaim.

27.     The document speaks for itself. To the extent the allegations in paragraph 27 of the Counterclaim are inconsistent with the document, they are denied.

28.     Webster Bank denies the allegations in paragraph 28 of the Counterclaim.

29.     Webster Bank lacks sufficient knowledge and information to admit or deny the allegations in the first sentence of paragraph 29 of the Counterclaim. To the extent a response is required, the allegations are denied. Webster Bank admits that Mr. Sipes sent correspondence relating to his account. Webster Bank denies the remaining allegations in paragraph 29 of the Counterclaim.

30.     Webster Bank admits that Mr. Sipes sought refinancing. Webster Bank denies the remaining allegations in Paragraph 30 of the Counterclaim.

31.     Webster Bank lacks sufficient knowledge and information to admit or deny the allegations in paragraph 31 of the Counterclaim. To the extent a response is required, the allegations are denied.

32.     Webster Bank lacks sufficient knowledge and information to admit or deny the allegations in paragraph 32 of the Counterclaim. To the extent a response is required, the allegations are denied.

33.     Webster Bank admits that it sent a demand letter to Mr. Sipes and that he responded to the same by written correspondence. Webster Bank denies the remaining allegations in paragraph 33 of the Counterclaim.

34.     Webster Bank lacks sufficient knowledge and information to admit or deny the allegations in paragraph 34 of the Counterclaim. To the extent a response is required, the allegations are denied.

-3-

35.    Webster Bank lacks sufficient knowledge and information to admit or deny the allegations in paragraph 35 of the Counterclaim. To the extent a response is required, the allegations are denied.

Count 1

COUNTERCLAIM FOR BREACH OF CONTRACT

36.    Webster Bank repeats and incorporates by reference its responses to paragraphs 22 through 35 of the Counterclaim. The remaining allegations in paragraph 36 of the Counterclaim state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

37.    Webster Bank denies the allegations in paragraph 37 of the Counterclaim.

38.    Webster Bank denies the allegations in paragraph 38 of the Counterclaim.

39.    Webster Bank denies the allegations in paragraph 39 of the Counterclaim.

40.    Webster Bank denies the allegations in paragraph 40 of the Counterclaim.

41.    Webster Bank denies the allegations in paragraph 41 of the Counterclaim.

42.    Webster Bank denies the allegations in paragraph 42 of the Counterclaim.

43.    Webster Bank denies the allegations in the first sentence of paragraph 43 of the Counterclaim. Webster Bank lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph 43 of the Counterclaim. To the extent a response is required, the allegations are denied.

44.    Webster Bank denies the allegations in paragraph 44 of the Counterclaim.

45.    Webster Bank denies the allegations in paragraph 45 of the Counterclaim.

COUNT 2

## COUNTERCLAIM FOR DAMAGES PURSUANT TO 12 U.S.C. 2605 ET SEQ

## REAL ESATE SETTLEMENT PROCEDURES ACT

46.     Webster Bank repeats and incorporates by reference its responses to paragraphs 22 through 45 of the Counterclaim. The remaining allegations in paragraph 46 of the Counterclaim state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

47.     Webster Bank denies the allegations in paragraph 47 of the Counterclaim.

48.     Webster Bank denies the allegations in paragraph 48 of the Counterclaim.

49.     Webster Bank admits that no corrective actions were taken based upon Mr. Sipes' correspondence as it was not a qualified written request. Webster Bank denies the remaining allegations in paragraph 49 of the Counterclaim.

50.     Webster Bank denies the allegations in paragraph 50 of the Counterclaim.

51.     Webster Bank denies the allegations in paragraph 51 of the Counterclaim.

Count 3

## COUNTERCLAIM FOR DAMAGES PURSUATN TO EQUAL CREDIT

## OPPORTUNITY ACT 15 U.S.C. SECTION 1601, ET SEQ.

52.     Webster Bank repeats and incorporates by reference its responses to paragraphs 22 through 51 of the Counterclaim. The remaining allegations in paragraph 52 of the Counterclaim state legal conclusions which require no response. To the extent a response is required, the allegations are denied.

53.     Webster Bank denies the allegations in paragraph 53 of the Counterclaim.

54.    Webster Bank denies the allegations in paragraph 54 of the Counterclaim.

55.    Webster Bank denies the allegations in paragraph 55 of the Counterclaim.

56.    Webster Bank denies the allegations in paragraph 56 of the Counterclaim.

57.    Webster Bank denies the allegations in paragraph 57 of the Counterclaim.

58.    Webster Bank denies the allegations in paragraph 58 of the Counterclaim.

COUNT FOUR

COUNTERCLAIM FOR VIOLATION OF THE DECEPTIVE TRADE PRACTICES

ACT OF DISTRICT OF COLUMBIA

59.    Webster Bank repeats and incorporates by reference its responses to paragraphs 22 through 58 of the Counterclaim. The remaining allegations in paragraph 59 of the Counterclaim state legal conclusions which require no response. To the extent a response is required, the allegations are denied.

60.    The allegations in paragraph 60 of the Counterclaim state legal conclusions which require no response. To the extent a response is required, the allegations are denied.

61.    Webster Bank denies the allegations in paragraph 61 of the Counterclaim.

62.    Webster Bank denies the allegations in paragraph 62 of the Counterclaim.

63.    Webster Bank denies the allegations in paragraph 63 of the Counterclaim.

64.    Webster Bank denies the allegations in paragraph 64 of the Counterclaim.

65.    Webster Bank denies the allegations in paragraph 65 of the Counterclaim.

66.    Webster Bank denies Mr. Sipes is entitled to the relief requested in the Counterclaim's WHEREFORE clause or to any relief whatsoever.

67.    Webster Bank denies every allegation not specifically admitted or otherwise qualified.

WHEREFORE, Webster Bank, N.A. requests that the Counterclaim be dismissed with prejudice and that Webster Bank be awarded its attorneys' fees, costs, expenses, and such other relief as the Court may deem appropriate.

Respectfully submitted,


/s/ _____

Amy S. Owen, Esq.  (DC Bar No. 411601)
aowen@cochranowen.com
Ben Selan, Esq. (DC Bar No. 495232)
bselan@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Ph:  (703) 847-4480
Fx:  (703) 847-4499


*Counsel for Webster Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Webster Bank, N.A.'s Answer to Jon Sipes' Counterclaims was electronically filed with the Clerk of Court using the CM/ECF system, on this the 14th day of July, 2008. Service was perfected on the following individuals by first class mail, postage prepaid:

> Jon Sipes
> 915 Potomac Avenue S.E.
> Washington, D.C. 20003

/s/ _____

Amy S. Owen, Esq. (DC Bar No. 411601)
aowen@cochranowen.com
Ben Selan, Esq. (DC Bar No. 495232)
bselan@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

*Counsel for Webster Bank, N.A.*

-8-



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHECKLIST FOR ATTORNEYS***
USING THE ELECTRONIC FILING SYSTEM

**PREPARING THE DOCUMENT** -Please make sure:

☐   The document is named in accordance with the Court's approved dictionary/event list.
☐   The signature line contains "/s/ Attorney's Typed Name."
☐   A filing by a pro hac vice attorney also has the name of local counsel with "/s/" for both attorneys.
☐   A Notice of Filing accompanies large documents which are filed in paper format at the Court pursuant to LcvR 5.4.
☐   A motion, points and authorities, statement of material facts, and certificate of service, if one is filed, is one PDF document.
☐   Amended complaints, intervenor complaints, third party complaints, motions to intervene, motions to file an amicus brief are not filed in ECF by the attorney, but emailed to our generic email address at dcd_cmecf@dcd.uscourts.gov
☐   Personal identifiers *(i.e. Social Security Numbers)* are not included in the document.
☐   The document is not sealed or ex parte. If it is, is should not be filed in ECF but submitted in paper to the Court accompanied by a disk or CD Rom..
☐   Sealed Document is not emailed to Clerk's Office, filed electronically on the system nor is the document deposited in the overnight drop box. The sealed document is submitted to Intake Section of the Clerk's Office *during normal business hours*.
☐   Combined exhibits or separate exhibits totaling up *to* 500 pages must be scanned and filed electronically.
☐   The correct case number, judge's initials, and caption is on the document.
☐   Notice of Appeals are to be filed in paper and in PDF Format accompanied by a disk or CD Rom.

**CREATING THE PDF DOCUMENT**-Please make sure:

☐   If the document has been created during word processing application, it must be converted to PDF Format instead of printed and scanned to the PDF.  Scanning is limited to exhibits.
☐   The PDF file is not more than 2MB in size (about 30 pages per scanned document).
☐   The PDF is scanned *at* 200-250 dpi (dots per inch) and in *black and white only.*
☐   Large exhibits are broken out into sections. (i.e., Exhibit 1-Part A, Exhibit 1-Part B, etc)
☐   The PDF file is formatted properly and is legible with no missing pages.  All pages are in order and right side up.
☐   The proposed order is separate PDF file filed as an attachment to the main document..
☐   The main pleading is a separate document from any attachments, with each exhibit *as* an additional PDF.

**ELECTRONICALLY FILING THE DOCUMENT**-Please make sure:

☐   The name of the attorney logged into ECF *must match the attorney's name on the signature line*.
☐   The correct case number and caption is entered and verified at the top of the screen.

-2-

***ELECTRONICALLY FILING THE* DOCUMENT- (Continued)** Please make sure:

☐ Choose the most accurate/appropriate event from the menus provided. ***Please, no guessing on the event.***

☐ If asked to create an association between the attorney and party, do so whenever appropriate. NOTE: "Lead" is optional, but **never** remove the check mark from the "Notice" *box*.

☐ If filing a multi-part motion, select ALL appropriate reliefs *by* holding the control key down and clicking on all desired reliefs on the motions menu (i.e. dismiss, summary judgment, etc.).

☐ The event *"Response to any document"* should only used when the document you are trying to respond to is missing from the docket.

☐ If filing a combination document (i.e. motion and opposition, or opposition and reply), be sure to make one separate entry for each part of your pleading.

☐ If filing a notice of appearance, file a separate notice for each attorney, using each attorney's ECF login and password.

☐ When filing a motion for leave to file a document, the subject document is to be filed as an electronic attachment to the motion, not a separate entry.

☐ Exhibits, affidavits, and proposed orders are to be filed as attachments to the main document, and properly described in the description box.

☐ If given the opportunity to create a link to an existing document, do so, if appropriate. Rule of thumb: the docket text should accurately reflect the title of the pleading being filed.

☐ If the optional text box *in* the body of the entry is used, make sure the information added is descriptive, brief, and not redundant of the automatic text already generated by the ECF system.

☐ When presented with the question *"Do you want to spread text?"* while docketing to a consolidated case, only choose *"Yes" if* counsel has been instructed by the Judge in the case to spread the text to all member cases. Otherwise, *choose "No."*

☐ If filing a notice of change of address, be sure to also go to *the* Utilities menu *(blue menu bar at the top of the screen)* to make the necessary updates on the "Maintain Your Account" screen.

☐ When docketing a proposed order as an attachment, select "text of proposed order" from drop down box under "category" section.

## ADDITIONAL CHECK ITEMS FOR CRIMINAL CASES

☐ The event "Response to any document" is used when responding to a sentencing memorandum

☐ Notices of Appeal and Docketing Statements are paper filings and are accompanied by a disk or CD Rom.

☐ Sealed Documents are signed, have a certificate of service, and are accompanied by a disk or CD Rom.

☐ Ex parte documents are signed, and saved on a disk or CD Rom.

☐ The Attorney Appearance Form indicates whether the Attorney is CJA, Retained, or Pro hac vice.

☐ In a multi-defendant case, the defendant's case number includes the defendant number for whom the document pertains.

***Although this document has been tailored for our Court, the idea for this document was created by the U.S. District Court for the District of Massachusetts and we are appreciative of their efforts. We are certain this document will assist you in your filings.