IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEBSTER BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:08cv00815-JR |
| ) | |
| JON SIPES ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## WEBSTER BANK, N.A.'S PRETRIAL STATEMENT

Pursuant to LCvR 16.5, Webster Bank, N.A. ("Webster Bank") submits the following Pretrial Statement:

I.   **Statement of the Case**

Webster Bank filed a complaint for Breach of Contract on or about May 12, 2008, based upon Defendant Jon Sipes' failure to make payments on a construction loan. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On or about December 9, 2005, Mr. Sipes received a construction loan for a residence from Webster Bank in the amount of Three Hundred Fifty-Four Thousand Eight Hundred Sixty-One Dollars and No Cents ($354,861.00). Mr. Sipes executed a Construction Loan Note and Deed of Trust. The terms of the transaction required Mr. Sipes to pay the loan in full, with interest, on or before January 1, 2007. Mr. Sipes understood that the loan had to be refinanced when the construction was complete. Mr. Sipes requested that Webster Bank extend the maturity date of the construction loan from January 1, 2007 to March 1, 2007. Mr. Sipes, to date, has not paid off the loan.

**II.    Statement of the Claims made by the Webster Bank**

Webster Bank filed an action for breach of contract in the United States District Court for the District of Columbia and seeks the full amount of the note, as well as interest and fees relating to the loan and reasonable attorneys' fees.

**III.    Statement of Defenses Raised by the Parties**

A. Mr. Sipes set forth the following defenses to Webster Bank's Complaint:

(i) Failure to State a Claim

(ii) Impossibility of Performance

(iii) Failure to Mitigate its Damages

(iv) Waiver

(v) Set Off.

Mr. Sipes has also filed counterclaims against Webster Bank setting forth counts for breach of contract (Count 1), RESPA violations (Count 2), TILA violations(Count 3), and violations of the District of Columbia Consumer Protection Act (Count IV).

B. Webster Bank set forth the following defenses to Mr. Sipes' Counterclaims:

(i) Failure to State a Claim –

(a) Real Estate Settlement Procedures Act –Temporary financing, such as a construction loan, does not fall under the ambit of RESPA.

(b) Truth in Lending Act - The applicable one-year statute of limitations bars Mr. Sipes' claims under TILA.

(ii) Barred in whole or part by waiver, laches, estoppel and/or unclean hands.

(iii) Mr. Sipes benefited from the extension of credit.

(iv) Webster Bank denies in general the Counterclaims asserted by Mr. Sipes.

**IV.   Webster Bank's Schedule of Witnesses**

Webster Bank expects to call one or more of the following individuals to testify on its behalf:

A.   <u>Teresa Grant,</u> Senior Vice President for Webster Bank, 145 Bank Street, Waterbury, Connecticut. Ms. Grant is expected to offer testimony concerning Webster Bank's construction loan application and approval process, its billing practices in relation to the loan granted to Mr. Sipes, Mr. Sipes loan application in March 2008, and amount due.

B.   <u>Monica McRann</u>, Residential Loan Agent, Webster Bank, N.A., 185 Asylum Street, Hartford, CT 06103. Ms. McRann is expected to testify regarding the March 2008 loan application process and communications with Mr. Sipes.

**V.   Webster Bank's Exhibit List**

Webster Bank expects to offer into evidence one or more of the following documents on the attached exhibit list.

**VI.   Designation of Depositions to be Offered into Evidence**

None.

**VII.   Itemization of Damages**

Webster Bank seeks the following damages for breach of the terms of the loan note:

Principal:      $354,861.00
Interest:       $30,022.12  (accruing at $89.93 per diem after May 22, 2008)
Late fees and
  bank charges:  $653.83

Total           $385,536.95, plus reasonable attorneys fees and interest accruing after
                May 22, 2008.

An attorneys' fee affidavit will be supplied at trial.

        Respectfully submitted,


        /s/ Amy S. Owen
        Amy S. Owen, Esq.  (DC Bar No. 411601)
        aowen@cochranowen.com
        Ben Selan, Esq. (DC Bar No. 495232)
        bselan@cochranowen.com
        COCHRAN & OWEN, LLC
        8000 Towers Crescent Drive, Suite 160
        Vienna, Virginia 22182
        Ph:  (703) 847-4480
        Fx:  (703) 847-4499

        Counsel for Webster Bank, N.A.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing Webster Bank's Pretrial Statement was electronically filed with the Clerk of Court using the CM/ECF system, on this the 25th day of August, 2008.  Service was perfected on the following individuals by hand delivery:

    Dawn R. Jackson
    Pam Ashby
    Baylor & Jackson, PLLC
    1025 Connecticut Avenue, N.W., Suite 1202
    Washington, DC 20036
    Office (202) 332-7200
    Fax (202) 833-5033
    djackson@baylorjackson.com

    Counsel for Jon Sipes


    /s/  Amy S. Owen
    Amy S. Owen, Esq.  (DC Bar No. 411601)
    aowen@cochranowen.com
    Ben Selan, Esq. (DC Bar No. 495232)
    bselan@cochranowen.com
    Cochran & Owen, LLC
    8000 Towers Crescent Drive
    Suite 160
    Vienna, VA 22182
    Ph:    (703) 847-4480
    Fax:    (703) 847-4499

    Counsel for Webster Bank, N.A.